**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TIMIKA SCOTT** | **CIVIL ACTION** |
| **VERSUS** | |
| **CITY OF BATON ROUGE/PARISH OF EAST BATON ROUGE, ET AL.** | **NO. 22-00488-BAJ-EWD** |

**RULING AND ORDER**

In a bizarre turn, Defendants Sheriff Sid Gautreaux and Lieutenant Colonel ("Warden") Dennis Grimes of the East Baton Rouge Parish Sheriff's Office (collectively, the "Sheriff Defendants") now ask the Court to reconsider its May 31, 2023 Order *dismissing* Plaintiff's official capacity constitutional claims challenging the quality of medical care provided to decedent Gwendolyn Simon during her 16-hour term as a pre-trial detainee in the East Baton Rouge Parish Prison (EBRPP). Sheriff Gautreaux and Warden Grimes do not dispute the Court's ultimate determination that Plaintiff's allegations, as set forth in her Amended Complaint, were too scattershot to provide Defendants notice of the actual constitutional claims against them, and the grounds upon which each claim rests. (Doc. 54 at 7-10). Instead, the Sheriff Defendants quibble with the Court's ruling that Sheriff Gautreaux *alone*, as "keeper" of EBRPP, is the necessary *and* sufficient Defendant to answer Plaintiff's official capacity claims, and that by adding additional Defendants to these claims, Plaintiff merely created confusion and redundancy. (*Id.* at 5-7). In their motion, the Sheriff Defendants complain that "[n]o party made this argument in their briefs to this Court," and that keeping "(1) the Sheriff, (2) the City-Parish, and (3) the private

health care provider, CorrectHealth [EBR]" as Defendants to Plaintiffs' official capacity claims is required because "[e]ach of these three different entities has a different role with respect to the inmates at the EBRPP." (Doc. 55-1 at 1, 3).

The Sheriff Defendants' motion is an obvious nonstarter, for multiple reasons. First, they cannot seriously maintain that nobody raised the issue of "redundant" official capacity Defendants. As noted in the Court's May 31 Order, CorrectHealth EBR argued that "[t]he Complaint does not distinguish between the various Defendants, and improperly lumps all Defendants together." (Doc. 29-1 at 20). The Sheriff Defendants jumped on the same bandwagon, arguing that "Plaintiff does not distinguish between the various defendants and Plaintiff does not identify the 'policies, patterns or practices' that she contends the defendants established … ." (Doc. 31-1 at 15). Defendant City of Baton Rouge/Parish of East Baton Rouge, put a finer point on it, specifically asserting that Plaintiff's official capacity claims against the City-Parish, CorrectHealth EBR, and the Sheriff Defendants were "redundant." (Doc. 27-2 at 9-10). These arguments, taken together, triggered the Court's duty to "carefully disaggregate" Plaintiff's official capacity claims. *See Marlowe v. LeBlanc*, 2022 WL 2101523, at *2 (5th Cir. June 10, 2022) (per curium); *accord Marlowe v. LeBlanc*, 2023 WL 2957810, at *3 (M.D. La. Apr. 14, 2023) (Jackson, J.).

Second, the Sheriff Defendants' concern that the Court overlooked the division of responsibility among the Sheriff's Office, the City-Parish, and CorrectHealth EBR for detainee medical care at EBRPP amounts to handwringing, and simply is not responsive to the Court's *stated* reasons for dismissing Plaintiff's claims against the

City-Parish and CorrectHealth EBR as redundant: specifically, (1) "official capacity suits are really suits against the governmental entity," here EBRPP, *Goodman v. Harris Cnty.*, 571 F.3d 388, 396 (5th Cir. 2009); (2) municipal liability is *not* expanded by simply adding more "official capacity" defendants, *see Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001); *Goodman*, 571 F.3d at 396; and, importantly, (3) "Plaintiff offers no explanation in her Complaint *or* her 12(b)(6) opposition regarding why these additional Defendants are essential to [her official capacity claims], adding something that the Sheriff does not already provide," (Doc. 54 at 7).

Third, as a result of the Court's May 31 Order, *all* constitutional claims have been dismissed, and there are currently *no* constitutional claims pending against *any* Defendant. Plaintiff has been afforded the *option* to resubmit her complaint (on or before June 21, 2023), but thus far has not exercised that option, leaving open the possibility that she will not seek to re-assert her constitutional claims. At this time, there is simply no further relief the Court can afford to the Sheriff Defendants, and to re-visit its dismissal order would be an exercise of impermissible speculation.

Finally, and in any event, *if* Plaintiff should re-assert her official-capacity constitutional claims against Sheriff Gautreaux and only Sheriff Gautreaux, and *if*, at that time, having *reviewed* Plaintiff's renewed allegations, the Sheriff should still believe that the City-Parish and/or CorrectHealth EBR contributed to the alleged unconstitutional conditions at EBRPP that are the basis of Plaintiff's official capacity claims, the Federal Rules of Civil Procedure afford the Sheriff multiple avenues for relief, including Rule 14, which permits the Sheriff to name such parties as

3

defendants in a third-party complaint. *E.g.*, *Bell v. Bolivar Cnty.*, 24 F.3d 240 (5th Cir. 1994).

Accordingly,

**IT IS ORDERED** that the Sheriff Defendants' **Motion To Reconsider The May 31, 2023 Ruling And Order (Doc. 55)** be and is hereby **DENIED**.

Baton Rouge, Louisiana, this 13th day of June, 2023

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**